# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**CR 15 514 CRB**

JOSEPH SCOTT, JESSICA SCOTT AND MICHAEL CASTANEDA

**FILED**

NOV 03 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DEFENDANT(S).

---

## INDICTMENT

COUNT ONE: Conspiracy to Defraud the Government – 18 U.S.C. § 371

COUNT TWO: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

---

A true bill.

_____ Foreman

Filed in open court this __3__ day of November 2015

_L. Scott_____ Clerk

Bail, $ No bail to all

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT ☐ INFORMATION ☑ INDICTMENT ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

Count 1: Conspiracy to Defraud the Government – 18 U.S.C. § 371
Count 2: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
SEE ATTACHMENT

---

**DEFENDANT - U.S.**

▶ JOSEPH SCOTT

**DISTRICT COURT NUMBER**

CR 15 514   CRB

---

**PROCEEDING**

Name of Complaintant Agency, or Person (&Title, if any)

DEA Special Agent Leo Bondad

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

---

Name and Office of Person Furnishing Information on THIS FORM: **BRIAN J. STRETCH**
☑ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) **ADAM L. WRIGHT**

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges     ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

**DATE OF ARREST** ▶ _____ Month/Day/Year

Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ _____ Month/Day/Year

☐ This report amends AO 257 previously submitted

FILED
NOV 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☑ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

UNITED STATES v. JOSEPH SCOTT, et al.

PENALTY SHEET ATTACHMENT

**Count 1:**  Conspiracy to Defraud the Government – 18 U.S.C. § 371

    Maximum Term of Imprisonment:       5 years
    Maximum Fine:                       $250,000
    Maximum Term of Supervised Release: 3 years
    Mandatory Special Assessment:       $100

**Count 2:**  Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

    Minimum Term of Imprisonment:       10 years
    Maximum Term of Imprisonment:       Life
    Maximum Fine:                       $10,000,000
    Minimum Term of Supervised Release: 5 years
    Maximum Term of Supervised Release: Life
    Mandatory Special Assessment:       $100
    Additional Penalty:                 Mandatory and discretionary denial of federal benefits upon conviction

SEALED BY ORDER OF COURT [struck through]

CR 15 514 CRB
FILED
NOV 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

## OFFENSE CHARGED

Count 1: Conspiracy to Defraud the Government – 18 U.S.C. § 371
Count 2: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:** SEE ATTACHMENT

## DEFENDANT - U.S.

▶ JESSICA SCOTT

FILED
NOV 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DISTRICT COURT NUMBER**
CR 15 514 CRB

## PROCEEDING

Name of Complaintant Agency, or Person (&Title, if any)

DEA Special Agent Leo Bondad

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: **BRIAN J. STRETCH**
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): **ADAM L. WRIGHT**

## DEFENDANT

**IS NOT IN CUSTODY**

1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

UNITED STATES v. JOSEPH SCOTT, et al.

PENALTY SHEET ATTACHMENT



**Count 1:** Conspiracy to Defraud the Government – 18 U.S.C. § 371

| | |
|---|---|
| Maximum Term of Imprisonment: | 5 years |
| Maximum Fine: | $250,000 |
| Maximum Term of Supervised Release: | 3 years |
| Mandatory Special Assessment: | $100 |

**Count 2:** Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

| | |
|---|---|
| Minimum Term of Imprisonment: | 10 years |
| Maximum Term of Imprisonment: | Life |
| Maximum Fine: | $10,000,000 |
| Minimum Term of Supervised Release: | 5 years |
| Maximum Term of Supervised Release: | Life |
| Mandatory Special Assessment: | $100 |
| Additional Penalty: | Mandatory and discretionary denial of federal benefits upon conviction |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT
☐ SUPERSEDING

**Name of District Court:** NORTHERN DISTRICT OF CALIFORNIA

---

**OFFENSE CHARGED**

Count 1: Conspiracy to Defraud the Government – 18 U.S.C. § 371
Count 2: Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

**PENALTY:**
SEE ATTACHMENT

---

**DEFENDANT - U.S.**

▶ MICHAEL CASTANEDA

**DISTRICT COURT NUMBER**
CR 15-514  CRB

---

**PROCEEDING**

Name of Complainant Agency, or Person (&Title, if any)

DEA Special Agent Leo Bondad

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: BRIAN J. STRETCH
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): ADAM L. WRIGHT

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges   } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes  ☐ No } If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

FILED
NOV 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

UNITED STATES v. JOSEPH SCOTT, et al.

PENALTY SHEET ATTACHMENT



**Count 1:**   Conspiracy to Defraud the Government – 18 U.S.C. § 371

    Maximum Term of Imprisonment:   5 years
    Maximum Fine:   $250,000
    Maximum Term of Supervised Release:   3 years
    Mandatory Special Assessment:   $100

**Count 2:**   Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine – 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)

    Minimum Term of Imprisonment:   10 years
    Maximum Term of Imprisonment:   Life
    Maximum Fine:   $10,000,000
    Minimum Term of Supervised Release:   5 years
    Maximum Term of Supervised Release:   Life
    Mandatory Special Assessment:   $100
    Additional Penalty:   Mandatory and discretionary denial of federal benefits upon conviction

FILED
NOV 03 2015
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CR 15 514 CRB

BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney





UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 371 – Conspiracy to Defraud the United States; 21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance; 21 U.S.C. § 853 – Drug Forfeiture |
| v. | |
| JOSEPH SCOTT, JESSICA SCOTT, and MICHAEL CASTANEDA, | |
| Defendants. | |

## INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all relevant times material to this Indictment:

1. The Transportation Security Administration ("TSA") was an agency of the United States Department of Homeland Security. The TSA was the primary federal agency responsible for maintaining the security of the nation's civil aviation system.

2. The TSA and its employees performed or oversaw the screening of all passengers and property transported from and within the United States by commercial passenger aircraft.

///



INDICTMENT                    1

3. The Screening Partnership Program ("SPP") contracted security screening services at commercial airports to qualified private companies. These companies performed screening operations under federal oversight and were required to comply with TSA screening procedures.

4. Covenant Aviation Security, LLC ("CAS") was a private company that provided transportation security services at San Francisco International Airport ("SFO").

5. A Transportation Security Officer ("TSO") was an individual who was trained, qualified, and authorized in accordance with applicable TSA standards and directives to screen individuals, accessible property, identification documents, and/or checked baggage for the presence of explosives, incendiaries, weapons, or other threats to security. TSOs were employed by the TSA or private companies participating in the SPP.

6. The TSA required that all carry-on baggage must be screened by an x-ray machine to detect prohibited items before entering the "sterile area." The sterile area was the portion of the airport that provided passengers access to aircraft and to which access was generally controlled through the screening of persons and property.

7. TSOs operating the x-ray machines were obligated to perform an adequate screening of each item for the presence of explosives, incendiaries, weapons, or other threats to security. These TSOs were required to focus on the x-ray monitor and study each x-ray image in order to determine if carry-on baggage contained items that could be a threat to the safety of the aircraft.

8. If a TSO determined that a bag contained a possible threat, the TSO was required to perform additional screening steps, which could include a physical search of the suspicious area in the bag or a test to determine if the bag contained explosives.

9. If a TSO determined that a bag contained evidence of criminal activity, including possession of illegal drugs, then that TSO was required to maintain control of the bag and immediately notify a Supervisory Transportation Security Officer. The Supervisory TSO was required to notify a law enforcement officer and complete a physical search of the bag.

/ / /

/ / /

/ / /

INDICTMENT                              2

10.     JOSEPH SCOTT was a Supervisory Transportation Security Officer for CAS acting on behalf of TSA at SFO. His duties included supervising other TSOs and managing the security checkpoint where carry-on baggage was inspected using x-ray machines.

11.     MICHAEL CASTANEDA was a Lead Transportation Security Officer for CAS acting on behalf of TSA at SFO. His duties included managing a lane in the screening checkpoint where carry-on baggage was inspected using an x-ray machine

12.     JESSICA SCOTT was a Transportation Security Officer for CAS acting on behalf of TSA at SFO. Her duties included operating an x-ray machine to inspect carry-on baggage.

13.     Passenger 1 and passenger 2 were individuals who purported to be seeking to transport narcotics in carry-on bags through SFO. Both passengers 1 and 2 were acting on behalf of the government and were carrying either real or simulated narcotics in their carry-on bags.

14.     B.N. was an individual who acted as a facilitator between the defendant TSOs and passengers 1 and 2. B.N. arranged for payments from passengers 1 and 2 to be made to the TSOs and acted as a middleman to communicate between the passengers and the defendant TSOs to arrange for the passengers to enter through particular security check points at particular times.

## MANNER AND MEANS OF THE CONSPIRACIES

15.     The defendants engaged in conspiracies to defraud the United States and to distribute and possess with intent to distribute controlled substances. It was part of both conspiracies that the defendants used their positions as TSOs to allow passengers carrying narcotics or simulated narcotics in their carry-on baggage to pass through security checkpoints at SFO. It was also part of both conspiracies that in each instance when the defendants allowed a passenger to smuggle narcotics through a security checkpoint:

    a.     one of the defendants communicated with B.N. and agreed upon a time and flight for the smuggling operation. B.N. relayed the agreed-upon time and flight to the passenger seeking to transport narcotics through SFO. B.N. also let one of the defendants know how to identify the passenger when he or she arrived at SFO.

    b.     B.N. communicated the fee for the operation to the passenger, collected money from the passenger, and arranged for payment to be made to one of the defendants.

INDICTMENT                                                          3

   c. one or more of the defendants took steps to ensure that the passenger was directed to a security checkpoint lane at which one of the defendants was responsible for, or oversaw the TSO responsible for, operating the x-ray machine used to screen the passenger's checked baggage for the presence of explosives, incendiaries, weapons, or other threats to security.  Specifically, the defendants escorted the passenger, pointed the passenger to a particular security checkpoint lane, or provided directions to B.N. to pass on to the passenger regarding which lane the passenger should use.  At times, one or more of the defendants would direct the passenger carrying the narcotics to a priority lane, even though the passenger was not entitled to use this lane.

   d. one or more of the defendants took steps to be operating, or oversee the TSO operating, the x-ray machine for the lane to which the passenger had been directed.  Despite knowing that the carry-on baggage contained narcotics and/or viewing x-ray images that suggested the presence of narcotics or explosives, in each instance, the defendant operating or overseeing the TSO operating the x-ray machine failed to call for a secondary screening of the baggage or alert law enforcement or a supervisor to the presence of suspected narcotics.

<u>COUNT ONE</u>: (18 U.S.C. § 371 – Conspiracy to Defraud the United States)

16. The factual allegations in paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth here.

17. Beginning at a date unknown to the Grand Jury, but no later than May 14, 2013, and continuing thereafter until on or about April 17, 2014, in the Northern District of California and elsewhere, the defendants,

      JOSEPH SCOTT,
      JESSICA SCOTT, and
      MICHAEL CASTANEDA,

did knowingly and willfully conspire and agree with each other and with others known and unknown to the Grand Jury, to defraud the Transportation Security Administration and the United States Government by interfering with and obstructing a lawful government function, that is, aviation security, including the proper and adequate screening of carry-on luggage brought into an airport security checkpoint, by deceit, craft, trickery, and dishonest means.

INDICTMENT            4

## OVERT ACTS

18. In furtherance of the conspiracy and to effect the objects of that conspiracy, the following overt acts were committed in the Northern District of California and elsewhere:

    a. On May 16, 2013, CASTANEDA met passenger 1 in front of an ATM machine outside the security checkpoint at Terminal 1B at SFO and asked passenger 1 to follow him to a particular security lane.

    b. On May 16, 2013, CASTANEDA escorted passenger 1 to a priority lane at a security checkpoint at SFO.

    c. On May 16, 2013, CASTANEDA directed a TSO at SFO to leave the x-ray machine through which passenger 1's bag would pass in order to have JESSICA SCOTT be the TSO responsible for operating that x-ray machine when Passenger 1's bag was screened.

    d. On May 16, 2013, JESSICA SCOTT, while operating the x-ray machine at SFO used to screen passenger 1's bag, which contained simulated cocaine, allowed the bag to clear the security checkpoint without a secondary screening or alerting law enforcement to the presence of suspected narcotics.

    e. On June 5, 2013, JOSEPH SCOTT received a $500 cash deposit.

    f. On June 7, 2013, JOSEPH SCOTT and JESSICA SCOTT stood in front of a security lane and signaled to passenger 1 to enter a particular security lane at SFO.

    g. On June 7, 2013, JESSICA SCOTT, while operating the x-ray machine at SFO used to screen passenger 1's bag, which contained cocaine, allowed the bag to clear the security checkpoint without a secondary screening or alerting law enforcement to the presence of suspected narcotics.

    h. On July 18, 2013, JESSICA SCOTT, while operating the x-ray machine at SFO used to screen passenger 2's bag, which contained actual cocaine and simulated cocaine, allowed the bag to clear the security checkpoint without a secondary screening or alerting law enforcement to the presence of suspected narcotics.

INDICTMENT                      5

i.  On December 12, 2013, CASTANEDA met passenger 2 in front of an ATM machine outside the security checkpoint at Terminal 1B at SFO and led passenger 2 to a priority lane at a security checkpoint at SFO.

j.  On December 12, 2013, CASTANEDA, who was acting in a supervisory role, stood behind the TSO responsible for operating the x-ray machine at SFO used to screen passenger 2's bag, which contained cocaine. CASTANEDA allowed the bag to clear the security checkpoint without a secondary screening or alerting law enforcement to the presence of suspected narcotics.

k.  On April 17, 2014, JOSEPH SCOTT directed passenger 2 to a particular security lane at Terminal 1C at SFO.

l.  On April 17, 2014, JOSEPH SCOTT, who was acting in a supervisory role, stood behind the TSO responsible for operating the x-ray machine at SFO used to screen passenger 2's bag, which contained cocaine. JOSEPH SCOTT allowed the bag to clear the security checkpoint without a secondary screening or alerting law enforcement to the presence of suspected narcotics.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO:    (21 U.S.C. § 846 – Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)

19.  The factual allegations in Paragraphs 1 through 15 and 18 are re-alleged and incorporated as if fully set forth herein.

20.  Beginning on a date unknown to the Grand Jury, but no later than May 14, 2013, and continuing thereafter until on or about April 17, 2014, in the Northern District of California and elsewhere, the defendants,

JOSEPH SCOTT,
JESSICA SCOTT, and
MICHAEL CASTANEDA,

did knowingly and intentionally conspire with each other and with others known and unknown to the Grand Jury to distribute and to possess with intent to distribute controlled substances, to wit: five kilograms or more of a mixture and substance containing a detectable amount of cocaine, its salts,

INDICTMENT                                                 6

isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii)(II).

FORFEITURE ALLEGATION:     (21 U.S.C. § 853 – Drug Forfeiture)

21. The factual allegations contained in Count Two of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

22. Upon a conviction of the offense alleged in Count Two, the defendants,

JOSEPH SCOTT,
JESSICA SCOTT, and
MICHAEL CASTANEDA,

shall forfeit to the United States all right, title, and interest in property constituting and derived from any proceeds defendant obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

23. If any of the property described above, as a result of any act or omission of the defendants:

 a. cannot be located upon the exercise of due diligence;
 b. has been transferred or sold to or deposited with, a third person;
 c. has been placed beyond the jurisdiction of the Court;
 d. has been substantially diminished in value; or
 e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

///
///
///

All in violation of Title 21, United States Code, Sections 853(a)(1) and (a)(2) and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: Nov 3, 2015

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
Acting United States Attorney

_____
PHILIP GUENTERT
Deputy Chief, Criminal Division

Approved as to form:

_____
ADAM WRIGHT
MARC PRICE WOLF
Assistant United States Attorneys

INDICTMENT                                  8